PETER B. BUNTING #124104
Attorney at Law
2501 West Shaw Ave., Suite 119
Fresno, CA 93711
Telephone: (559) 226-4030
Facsimile: (559) 226-4148
e-mail: pbpc3@sbcglobal.net

Attorney for Debtor RUIZ

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA, FRESNO

In re:

HECTOR RUIZ,

                   Debtor.    /

Case No. 13-15408A-13F
Chapter 13
D.C. No. PBB-1

**HEARING**
Date: November 7, 2013
Time: 9:00 a.m.
Dept  A
Ctrm: 11 (5th Floor)
United States Bankruptcy Court
2500 Tulare Street
Fresno, California 93721-1318
[HONORABLE FREDRICK E. CLEMENT]

**DECLARATION OF HECTOR RUIZ IN SUPPORT OF CONFIRMATION OF FIRST MODIFIED CHAPTER 13 PLAN**

I, Hector Ruiz, declare:

1. Except as to those matters I have alleged on information and belief (which I do believe to be true), I have personal knowledge of the facts contained herein and, if called upon, could competently testify thereto.

2. I am the Debtor in the above-entitled petition filed pursuant to Chapter 13 of Title 11 of the United States Code.

3. I have read the First Modified Chapter 13 Plan to which this motion pertains.

4. This plan provides for submission of our future earnings as is set forth in Sections 1.01-1.03, as well as in the "Additional Provisions". And I believe that those will be a sufficient amount to fund this First Modified Chapter 13 Plan.

5. This modified Plan has been prepared to correctly identify how my attorney

1

will be paid through the Plan. I have discussed this will my attorney and he has agreed to receive a set amount as approved by the court.

6. There are no other changes to my modified Plan.

7. This First Modified Chapter 13 Plan has been proposed in good faith. Before the Plan was prepared, I spoke with Peter B. Bunting, attorney at law, and considered my assets, debts, income and expenses, both now and into the future. I also discussed my wishes and abilities to make payments under a Chapter 13 plan over the life of the plan. With all of that in mind, Peter B. Bunting, attorney at law, drafted the First Modified Chapter 13 plan to which this motion applies. I have reviewed it and believe it is in my best interest and the best interest of all concerned. Insofar as I am aware, the terms of the plan are not forbidden by law.

8. Having reviewed the First Modified Chapter 13 Plan, including the "Plan payments and Commitment Period" (Sections 1.01-1.03 of the Chapter 13 plan to which this motion pertains), as well as the applicable "Additional Provisions" and having considered both my current and future income and expenses, I am willing to make these payments to the Chapter 13 Trustee and I believe I can do so.

9. This bankruptcy petition was filed in good faith. On the date of the petition in this case I had the debts set forth in Schedules, D, E, and F. Before filing bankruptcy, I spoke with Peter B. Bunting, attorney at law, and considered my assets, debts, income and expenses both now and into the future. I also discussed different options, both inside and outside of the Bankruptcy Court, for resolving these debt problems. After receiving counsel from Peter B. Bunting, attorney at law, and considering all of my options I decided to file bankruptcy.

10. I am current with my post-petition domestic support obligation.

11. Insofar as I am aware, I have filed all of the federal, state and local income tax returns that we are required to file.

12. My attorney advises me that under Section 1325(b) of the Bankruptcy Code if the Chapter 13 Trustee or an unsecured creditor objects, my plan must either pay my unsecured creditors that have claims that are allowed by the Bankruptcy Court in full or must pay all of what he calls our "projected disposable income" to the unsecured creditors for either three years

or five years, depending on income. I believe that this plan does so. Section 2.15 of the First Modified Chapter 13 Plan (EDC 3-080) provides for unsecured creditors to be paid zero percent through this plan. My attorney informs me that the phrase "projected disposable income" has a particular meaning. Because I am not an attorney I do not know whether this plan pays unsecured creditors that amount and will leave that issue to my counsel.

      13. I ask that the court confirm this First Modified Chapter 13 Plan.

      I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States of America.

Dated: 9/24/13

*[signature]*
HECTOR RUIZ